DECISION
Plaintiff has appealed to this court seeking property tax exemption for the 2009-10 tax year on certain real property identified in the assessor's records as Account R339847. Defendant filed a Motion to Dismiss July 30, 2010, asserting that Plaintiff failed to appeal within 90 days of the act prompting the appeal.
A telephone hearing was held in the matter September 28, 2010. Jiemlao Chao (Chao) appeared for Plaintiff. Defendant was represented by Richard Sanderman and Sally Brown, both of whom are appraisers employed by Defendant.
The parties agree to the essential facts. Chao purchased the subject property on or about September 25, 2009. (Ptf's Compl at 2.) Chao then leased the subject property to Plaintiff. The property was at one time exempt from property taxes because it was owned by a qualifying religious organization that had applied and been approved for exemption under Oregon law. However, there had been a sale of the property on April 17, 2009, to Coram Dao Fellowship (Coram Dao) and that organization failed to file an exemption application within the statutory 30 day period provided in ORS 307.162(1)(b).[1]
Defendant sent Coram Dao a notification that the property had been disqualified and would become subject to tax for the 2009-10 tax year. Coram *Page 2 
Dao apparently responded by filing an exemption application in June 2009 that Defendant denied in July 2009 based on a determination that either the application was deficient or the property failed to qualify.
Defendant initially sent a property tax statement to Plaintiff reflecting the market value of the property and showing no assessed value or property taxes because an internal data entry error that failed to note the exemption disqualification. Defendant subsequently sent Plaintiff a corrected property tax statement dated November 24, 2009, showing the property as being subject to tax. On June 21, 2010, Plaintiff filed an appeal with this court requesting property tax exemption. Plaintiff attached a letter explaining the circumstances surrounding the acquisition of the property and Chao's attempts to comply with any requirements pertaining to exemption of the property. (Ptf's Compl at 2.) Defendant asserts the appeal is untimely under ORS 305.280 because it was not filed within 90 days of the corrected tax statement and that Plaintiff has failed to establish good and sufficient cause under ORS 305.288(3). (Def's Mot to Dismiss at 1.) There are potential problems with Defendant's timeliness motion because the applicable appeal language entitles a taxpayer to appeal "within 90 days after the act * * * or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred, or the order or determination has been made." ORS 305.280. Chao claims that he did not receive the November 24, 2009, corrected tax statement. (Ptf's Compl at 2.) The appeal was filed in June 2010, which is within one year of the date the corrected tax statement was issued. It was the corrected tax statement that was the act announcing Defendant's determination to remove the exemption. There is however, a more direct and conclusive resolution of the appeal. *Page 3 
The subject property was disqualified from exemption in May 2009. Plaintiff did not acquire the property until the end of September 2009 and any qualifying use occurred on or after that date. Accordingly, the subject property was taxable on July 1, 2009.
Under ORS 311.410(1), "[r]eal property * * * that is subject to taxation on July 1 shall remain taxable and taxes levied thereon for the ensuing tax year shall become due and payable, notwithstanding any subsequent transfer of the property to an exempt ownership or use." Chao purchased the property in September 2009 and subsequently leased it to a religious organization. Under ORS 311.410(1), the subsequent transfer to an exempt ownership or use is irrelevant.
Moreover, Chao did not purchase the property in time for it to qualify for exemption for the 2009-10 tax year. Under ORS 307.112(4)(a)(A), "[i]f the lease, sublease or lease-purchase agreement is entered into after March 1 but not later than June 30, the claim shall be filed within 30 days after the date the lease, sublease or lease-purchase agreement is entered into if exemption is claimed for that year." Chao's purchase occurred after June 30, 2009, and as such, the property could not qualify for exemption for the 2009-10 tax year. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied and the subject property is taxable for the 2009-10 tax year.
Dated this ___ day of October 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon October 12, 2010. The Court filed and entered this documenton October 12, 2010.
[1] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2007.